UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                  Plaintiff, )<br>                                )<br>-v-                                )<br>                                )<br>JOHNNY VALENTINE, )<br>                  Defendant. )<br>_____ ) | No. 1:99-cr-01-07<br><br>Honorable Paul L. Maloney |

### ORDER GRANTING MOTION FOR SENTENCE REDUCTION

Defendant Johnny Valentine requests the Court reduce his sentence. (ECF No. 1042.) Valentine relies on the retroactive provisions of the First Step Act. The Court will grant the motion.

### I.

The second superseding indictment in this criminal action charged Johnny Valentine and eight other defendants with participating in an eight-year long conspiracy to possess and distribute cocaine, crack cocaine, and marijuana, violations of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). (ECF No. 150 PageID.1618-20.) The Government charged that the conspiracy involved kilogram amounts of the controlled substances. (*Id.* PageID.1619.) The jury, however, was not asked to determine the quantity of the controlled substances involved in the conspiracy. (ECF No. 247 Verdict.) On February 11, 2000, a jury found Valentine guilty of the conspiracy charge, but only for crack cocaine and marijuana. (*Id.* PageID.1628.)

Judge Richard Enslen sentenced Valentine on May 16, 2000. (ECF No. 435 Sent. Trans.) After resolving objections, Judge Enslen concluded Valentine's total offense level

was 40 and he had a criminal history category I. (*Id.* at 20 PageID.1558.) Valentine's guideline range was 292 to 365 months imprisonment. (*Id.*) Judge Enslen sentenced Valentine to 292 months imprisonment. (*Id.* at 35 PageID.1573; ECF No. 346.) The Sixth Circuit denied Valentine's appeal. *United States v. Valentine*, 70 F. App'x 314 (6th Cir. 2003).

Over the past few years, Valentine filed motions requesting reductions in his sentence following changes to the Sentencing Guidelines. Central to each motion, the parties disputed the quantity of drugs for which Valentine could be found responsible as relevant conduct. Judge Enslen noted at sentencing that two witnesses testified that the conspiracy involved more than 50 kilograms of crack cocaine. (Sent. Trans. at 13-14 PageID.1551-52.) Each time the Sentencing Commission raised the quantity necessary for a particular offense level, Valentine would file a motion, which the Court would deny because the record contained sufficient evidence to support the conclusion that Valentine should be held responsible for the newly amended amount.[1]

## II.

Congress enacted the Fair Sentencing Act in 2010, which reduced some of the sentencing disparity between crack and powder cocaine by raising the threshold quantities for statutory offenses involving crack cocaine. *See United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020). The changes contained in the Fair Sentencing Act were prospective

---

[1] Amendments 706 and 711 - ECF No. 721 Motion, ECF No. 822 order denying motion, ECF No. 881 affirmed; Amendment 750 - ECF No. 933 Motion, ECF No. 967 order denying motion; Amendment 782 - ECF No. 1003 Motion, ECF No. 1023 amended order denying motion, ECF No. 1030 affirmed.

only and did not apply retroactively to defendants already sentenced. In December 2018, Congress enacted the First Step Act, which made the changes contained in the Fair Sentencing Act retroactive.

A.

Johnny Valentine is eligible for sentence reduction under the First Step Act. The Act authorizes reductions in sentences for a "covered offense." The Sixth Circuit held that eligibility for sentence reduction under the First Step Act is a categorical inquiry that looks to the statute of conviction. *Boulding*, 960 F.3d at 775. If the defendant was convicted of violating a statute for which the penalties were modified by the Fair Sentencing Act, the defendant is eligible for a lower sentence under the First Step Act. A jury found Valentine guilty of participating in a drug conspiracy the object of which was to possess and distribute controlled substances. The Sixth Circuit has previously found that a defendant convicted of participating in a drug conspiracy, a violation of 21 U.S.C. § 846, is eligible for a resentence reduction under the First Step Act. *See Boulding*, 960 F.3d at 776; *United States v. Beamus*, 943 F.3d 789, 790-91 (6th Cir. 2019) (per curiam). A person convicted of a conspiracy under § 846 "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C.§ 846. For Valentine, the underlying offense which was the object of the conspiracy was possession and distribution of a controlled substance, a violation of 21 U.S.C. § 841(a)(1).

The Fair Sentencing Act modified the statutory penalty provision under which Valentine was sentenced. The indictment included a reference to § 841(b)(1)(A). Today, and in 1999 when Valentine was tried, convicted and sentenced, § 841(b)(1)(A) provides a

statutory range of imprisonment of 20 years to life. The Fair Sentencing Act, however, changed the drug quantity threshold necessary for application of § 841(b)(1)(A). In 1999, § 841(b)(1)(A) applied to violations of § 841(a) involving 50 grams or more of crack cocaine. Following the Fair Sentencing Act, § 841(b)(1)(A) applied to violations of § 841(a) involving 280 grams or more of crack cocaine.

Valentine was convicted and sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. At the time of Valentine's trial, juries were not asked to make drug amount findings. The Sixth Circuit explained the effect of the lack of a quantity finding.

> Under *Apprendi*, a defendant like [Valentine]—whose jury never made any drug amount finding—could not be sentenced under 21 U.S.C. §§ 841(b)(1)(A) or (B), as these provisions increase the statutory maximum based on specified drug amounts. Instead, such a defendant could only be sentenced under § 841(b)(1)(C), which provides for a statutory maximum of 20 years.

*United States v. Ware*, —F.3d—, 2020 WL 3529652, at *2 (6th Cir. June 18, 2020) (internal citation omitted). In addition to lowering the statutory sentencing range, § 841(b)(1)(C) requires a court to impose at least three years of supervised release, in contrast with the five year minimum required by § 841(b)(1)(A).

Valentine's eligibility does not resolve the matter because the district court retains discretion to reduce a sentence under the First Step Act. *Ware*, 2020 WL 3529652, at *2; *Boulding*, 960 F.3d at 778.

B.

Although Valentine is eligible for a sentence reduction, he is not entitled to plenary resentencing. *Boulding*, 960 F.3d at 782; *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019). When a court finds a defendant eligible, the First Step Act requires the court to conduct "a complete review of the resentencing motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404(c). This includes, "at a minimum," "an accurate calculation of the amended guidelines range at the time of resentencing and [a] thorough renewed consideration of the § 3553(a) factors." *Boulding*, 960 F.3d at 784. The Sixth Circuit instructs district courts that defendants must be afforded an opportunity to present objections. *Id.* The Court has considered all of the required factors and discusses below those factors that most affect the relief sought by Valentine.

First, the Court concludes that Valentine's guideline range remains the same, 292 to 365 months. Valentine concedes this conclusion in his supplemental brief. (ECF No. 1049 at 10 PageID.4772.) Valentine's criminal history has not changed; he has a criminal history category I. His total offense level remains at 40. This Court already determined that Valentine's relevant conduct involved more than 25.2 kilograms of crack cocaine, which results in the highest offense level, 38, in the current guidelines. (ECF No. 1022 PageID.4572.) Valentine received a two-level enhancement for possessing a dangerous weapon as part of the conspiracy.

Second, the Court notes that if Valentine were sentenced today the Court could impose a maximum sentence of twenty years and a three-year term of supervised release. Valentine makes this argument. (ECF No. 1049 at 10-11 PageID.4772-73; ECF No. 1056

at 2-3 PageID.4849-50.)  At the time of Valentine's trial, the juries were not asked to find facts about the quantities of drugs involved.  "For a defendant like [Valentine], who was sentenced before *Apprendi*, consideration of the impact that *Apprendi* would have had on his statutory sentencing range is a factor that the district court may consider when deciding whether, in its discretion, to grant relief to a defendant whom Congress has made eligible for relief."  *Ware*, 2020 WL 3529652, at *2.  Of course, if Valentine had been tried after *Apprendi*, the jury would have been asked to make a quantity determination.  When Valentine made an *Apprendi* argument as part of his appeal, the Sixth Circuit held that "[i]t is clear beyond a reasonable doubt that had the jury been properly charged, it would have found the conspiracy to have involved at least 5 grams of crack, which would allow a maximum sentence of 40 years."  *Valentine*, 70 F. App'x at 331.

Third, the underlying conspiracy spanned almost a decade and involved multiple defendants moving substantial quantities of three different controlled substances across several states.  The evidence at trial established that Valentine made multiple trips to Arkansas in order to purchase large quantities of crack cocaine and that he personally sold drugs from a crack house.  Although Judge Enslen imposed the lowest sentence possible (at the time the Sentencing Guidelines were mandatory), he also commented about how the evidence at trial demonstrated that the once vibrant area of Benton Harbor is now "overrun by crime and drugs and violence."  (Sent. Trans. at 33 PageID.1571.)

Fourth, while Congress and the Sentencing Commission have reduced the disparity in sentences between crack and powder cocaine, the sentencing guideline range for the quantities involved in this conspiracy have not been affected by the changes.  Presently, the

highest quantity of crack cocaine considered by the Sentencing Guidelines, § 2D1.1(c) is 25.2 kilograms. As noted above, witnesses testified that this conspiracy involved more than 50 kilograms of crack cocaine.

Finally, the Court finds that the time Valentine has already spent in prison, over twenty years, serves the factors outlined in § 3553(a)(2). The Bureau of Prisons website indicates that Valentine was released from the custody on June 5, 2020.

### III.

Balancing all of these factors, the Court **GRANTS** Valentine's motion for a sentence reduction under the First Step Act. The Court finds that a sentence of time served is appropriate. The Court will reduce Valentine's term of supervised release to three years. As instructed by the Sixth Circuit in *Boulding*, this Court should ordinarily afford Valentine an opportunity to object to the Court's findings. Here, the Court has granted Valentine the relief he requested in the two briefs filed by counsel. Accordingly, the Court will avoid further delay. An amended judgment will issue.

**IT IS SO ORDERED.**

Date: July 15, 2020                             /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge